IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

```
DARREN WAYNE CAUDLE,           )
                               )
          Petitioner,          )
                               )
vs.                            )     Case No. CV 96-S-699-NE
                               )
ROY HIGHTOWER, Warden;         )
ATTORNEY GENERAL OF THE        )
STATE OF ALABAMA,              )
                               )
          Respondents.         )
```

FILED
98 FEB 19 AM 10
U.S. DISTRICT C
N.D. OF ALABA

ENTERED CN
FEB 19 1998

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in the above-styled cause on January 21, 1998, recommending the denial of this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner filed his objections to the report and recommendation on February 3, 1998. Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court believes the objections are due to be overruled and the report and recommendation adopted and accepted.

Petitioner first objects to the magistrate judge's conclusion that he has failed to show adequate cause and prejudice to excuse the procedural default of petitioner's claims 1(a) and 1(b). Petitioner contends that cause for the default lies in the ineffective assistance of the attorney representing him in the Rule 32 proceeding. As noted by the magistrate judge, however, there is no Sixth Amendment right to the assistance of counsel in a collateral proceeding such as a Rule 32 petition. Because there

13

is no right to counsel, there can be no claim of ineffective assistance of counsel which can constitute cause for a procedural default. While constitutionally ineffective assistance of counsel can be cause, it must also be an independent claim for habeas relief. *Murray v. Carrier*, 477 U.S. 478 (1986). Because the Sixth Amendment right to counsel extends only appeals of right and not to collateral proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), inadequacy in the representation by counsel during a collateral proceeding cannot be a basis for habeas relief or cause to excuse procedural default.

Petitioner next objects to the magistrate judge's proposed disposition of grounds two and ten, which allege respectively that the trial court failed to properly instruct the jury on the prosecution's burden of proving venue and ineffective assistance of trial counsel due to her failure to object to the jury instruction. Having carefully reviewed the instructions given by the trial court at the conclusion of petitioner's trial, the court is convinced that a fair and rational jury would have concluded that the prosecution bore the burden of proving venue beyond a reasonable doubt. Because the jury instruction fairly and adequately instructed the jury on that ground, counsel was not ineffective for failing to object to it.

Petitioner next objects to the report and recommendation's handling of his claim 9, which the magistrate judge recategorized as claim 3(g), which alleged ineffective assistance of counsel based upon counsel's failure to object to proper venue not being established. The magistrate judge concluded that this

2

ground was procedurally defaulted because it had not been raised on appeal from denial of Rule 32 relief. Petitioner contends that it was raised on appeal. A review of petitioner's appeal brief in the Rule 32 proceeding reveals that one of the claims asserted was ineffective assistance due to counsel's failure to assert the lack of venue as an issue on direct appeal. The instant habeas petition asserts ineffective assistance of trial counsel due to a failure to challenge venue both at trial and on appeal. Assuming these issues are the same, although that is not a question without dispute, it is clear that it is without merit. The trial testimony of the robbery victim established that she was robbed at her store in Limestone County. Her testimony went unchallenged and undisputed that the store lay within four or five car widths of the county line between Limestone and Madison Counties. Because the site of the robbery was clearly and indisputably within one-quarter mile of Madison County, venue properly lay in Madison County under the provisions of Alabama Code Section 15-2-7 (1975). Counsel was not ineffective because she failed to challenge venue in the Madison County trial because venue clearly was appropriate in Madison County under the provisions of Alabama Code Section 15-2-7. Thus, whether procedurally defaulted or considered on the merits, this claim does not warrant habeas relief.

Finally, petitioner objects to the magistrate judge's conclusion that petitioner's ground 11, renumbered by the magistrate judge as ground 3(i), was procedurally defaulted because it had not been raised at all in the Rule 32 petition. Petitioner asserts that it was raised in the Rule 32 petition. A careful

3

examination of the Rule 32 petition reveals that the claim raised there was ineffective assistance of counsel based on counsel's failure to conduct an appropriate investigation concerning the fact of venue. See Rule 32 Petition at Respondents' Exhibit 7, p. 13. In the present habeas action, petitioner did indeed raise a claim of ineffective assistance of counsel based on counsel's failure to conduct a pretrial investigation; however, the factual basis of that claim related not to the issue of venue but as to whether counsel should have subpoenaed petitioner's wife as an alibi witness and whether she should have called Dr. Mitchell as a witness at all. While both claims allege generally that counsel failed to conduct an appropriate pretrial investigation, the nature of the investigation petitioner contends counsel should have conducted is very different in the habeas petition than what it was in the Rule 32 petition. In substance, therefore, they are not the same claim.

Even if the court were to consider the merits of these claims, they do not warrant habeas relief. For the reasons explained in the magistrate judge's report and recommendation, counsel was not ineffective when she failed to subpoena petitioner's wife as an alibi witness because petitioner had assured counsel that his wife would attend trial without a subpoena. Additionally, counsel was not ineffective because she did call Dr. Mitchell as a witness despite his apparently harmful testimony. She did so at the insistence of the petitioner. Finally, counsel was not ineffective for failing to conduct a more appropriate investigation concerning the issue of venue. Venue clearly lay

4

within a quarter-mile of Madison County and, therefore, was properly set in Madison County by virtue of Alabama Code Section 15-2-7. There was no need for an extensive investigation in this regard.

Having carefully examined each of the plaintiff's objections, they are all due to be and the same are hereby OVERRULED. By separate order, the court will adopt and accept the magistrate judge's report and recommendation and deny and dismiss the instant habeas action.

DATED this __19th__ day of February, 1998.

_____
C. LYNWOOD SMITH, JR.
U.S. DISTRICT JUDGE

5